## Otto Haering v. Mary E. Spicer.

1. MALPRACTICE—*Duty of a Person Employing a Surgeon.*—It is the duty of a person who has called a surgeon to treat him for an injury to follow all reasonable advice prescribed, and if the surgeon requests needed assistance and the patient refuses or neglects to procure it, he can not be held liable in damages for a permanent injury when the employment of assistance would have rendered the injury only temporary.

Action in Case, for malpractice. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed December 7, 1900.

E. E. DONNELLY and A. E. DEMANGE, attorneys for appellant.

HARVEY HART and EDMUND O'CONNELL, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $2,500, recovered

by appellee in a suit charging appellant with incompetency and negligence as a physician and surgeon when called to treat appellee for a dislocated shoulder. There are three counts in the declaration. The first and the third charge that appellant was employed to treat appellee for a dislocated shoulder; that he treated her for two months, and that he treated her so unskillfully and negligently that her shoulder is left permanently and incurably dislocated. The second count is the same as the first, with the additional averment that appellant was not a competent and skillful physician and surgeon, and failed to discover that appellee's arm was dislocated at the shoulder.

After a review of the record in this case, we are not satisfied with the verdict. Appellant was not called to treat appellee's injury until the second day after she had received it. He was not advised of the nature of the injury before reaching appellee's house. Owing to the inflamed and swollen condition of the shoulder and her resistance to tests applied to it, it was difficult to determine the extent of the injury. The testimony as to what was then done, and that of medical experts placed upon the stand, satisfy us that the tests made by appellant were proper and usual ones under the circumstances. A more minute examination could have been made by reducing the patient to unconsciousness by means of an anæsthetic, but the testimony shows that would have been neither safe nor proper without the aid of a medical assistant. There is a conflict in the testimony as to whether appellant, after making examination, said the shoulder was not out of place, and as to whether appellant refused to further treat the case without the assistance of another physician to aid in administering an anæsthetic. Appellant testified that he told appellee's husband, on that occasion, and subsequently, that if he wanted him to further treat the case, he must procure another surgeon to assist, and mentioned the names of several, to which appellee's husband replied that he would see about it. He is contradicted by the husband, but we are led to the belief, by a careful consideration of their testimony, and the corroborating circumstances, that the truth is with appellant on that point.

Even if appellant did make a mistake in diagnosing the case and said that he did not think the shoulder was dislocated, he had the right to insist upon having aid as a condition to his further treating the case, and could be held liable in damages only for the injuries resulting from the mistake and not for those resulting from a neglect to employ the requested assistance. It is the duty of a person who has called a surgeon to treat him for an injury to follow all reasonable advice prescribed, and if the surgeon requests needed assistance and the patient refuses or neglects to procure it, the surgeon can not be held liable in damages for a permanent injury when the employment of assistance would have rendered the injury only temporary. From the amount fixed in their verdict, it is evident the jury allowed damages for a permanent injury. Whether the appellant made the employment of a physician a condition to his further treatment of appellee, we regard as the most important frictional question of fact in the case; and yet that question was entirely ignored by the court in instructing the jury for appellee. That objection applies more especially to the fourth instruction given for her, relating, as it does, to the estimate of damages.

For the error contained in that instruction and because the jury have allowed damages for a permanent injury when we are of the opinion that the permanency of the injury is due to the neglect of appellee in not procuring assistance requested by appellant, the judgment will be reversed and the cause remanded.